1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ASYA AMEENAH HUNTER,                    No.  2:24-cv-01098-DJC-CSK

12                    Plaintiff,

13          v.                                ORDER

14    BACKGROUNDCHECKS.COM,

15                    Defendant.

16

17          Plaintiff Asya Ameenah Hunter brought the present suit alleging that Defendant

18    Backrgoundchecks.com violated California law when it provided background check

19    reports to RealPage that listed two criminal cases from Illinois.  Plaintiff alleges that

20    those cases were ordered sealed by an Illinois state court and that they should not

21    have been included in the reports by Defendant.  Plaintiff claims that as a result of

22    Defendant's inclusion of these cases in the background check reports, she was denied

23    housing.

24          Defendant removed this action to this Court and filed a Motion to Dismiss for

25    Lack of Personal Jurisdiction (Mot. (ECF No. 5)) that is presently before the Court.  For

26    the reasons stated below, Defendant's Motion is granted.  Plaintiff will be given leave

27    to file an amended complaint.

28    ////

                                           1

**BACKGROUND**

Plaintiff alleges that in March 2021, Plaintiff applied to rent housing from Laguna Creek Apartments in Elk Grove, California. (Compl. (ECF No. 1, Ex. A) ¶ 2.) Laguna Creek sought a background check of Plaintiff from RealPage who, in turn, requested information from Defendant. (*Id*. ¶¶ 3–4.) Defendant allegedly generated two reports, on March 26, 2022 and July 12, 2022, both of which contained two felony cases that had been ordered sealed by the Circuit Court of Cook County, Illinois. (*Id*. ¶¶ 4–8.) Plaintiff asserts that "Defendant simply purchased and resold, second-hand criminal records information from database(s) that it knew or should have known were inaccurate, incomplete, or outdated." (*Id*. ¶ 10.) Plaintiff claims that Defendant's inclusion of the two felony cases in the background check reports violated the California Investigative Consumer Reporting Agencies Act and caused Plaintiff to be denied housing. (*Id*. ¶¶ 13–15.)

Plaintiff originally filed this action in Sacramento County Superior Court. (*See* Compl.) Defendant removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (*See* ECF No. 1.) Defendant subsequently filed the present Motion to Dismiss which is now fully briefed. (Mot.; Opp'n (ECF No. 9); Reply (ECF No. 10).) At the request of the parties, this motion was submitted without oral argument pursuant to Local Rule 230(g). (ECF Nos. 17, 18.)

**MOTION TO DISMISS**

I.    **Legal Standard**

A. **Personal Jurisdiction Generally**

Rule 12(b)(2) allows a party to assert a lack of personal jurisdiction as a defense and request dismissal of the suit. Fed. R. Civ. P. 12(b)(2). "Although the defendant is the moving party on a motion to dismiss [for lack of personal jurisdiction], the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). "[I]n the absence of an evidentiary hearing, the plaintiff need only make 'a prima facie showing of jurisdictional facts to

1  withstand the motion to dismiss.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606

2  F.3d 1124, 1127 (9th Cir. 2010) (*quoting Pebble Beach Co. v. Caddy*, 453 F.3d 1151,

3  1154 (9th Cir. 2006)).  "The court may consider evidence presented in affidavits to

4  assist it in its determination and may order discovery on the jurisdictional issues." *Doe*

5  *v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by*

6  *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (citing *Data Disc, Inc. v. Systems*

7  *Technology Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977)).  Facts presented by the

8  plaintiff are taken as true for the purposes of a 12(b)(2) motion to dismiss, except

9  where contradicted by an affidavit, and any "conflicts between the facts contained in

10  the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding

11  whether a prima facie case for personal jurisdiction exists." *AT&T v. Compagnie*

12  *Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citations omitted); *see Mavrix*

13  *Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("We may not

14  assume the truth of allegations in a pleading which are contradicted by affidavit, but

15  we resolve factual disputes in the plaintiff's favor." (citations and internal quotations

16  removed)).

17      "In exercising personal jurisdiction, a federal district court is constrained by the

18  Fourteenth Amendment's Due Process Clause and the long-arm statute of the state in

19  which it sits." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir.

20  2023).  California's long-arm statute allows the exercise of personal jurisdiction to the

21  extent allowed by the United States Constitution.  *See* Cal. Code Civ. Proc. § 410.10.

22  Accordingly, the Court need only assess whether the exercise of jurisdiction in this

23  case comports with due process.

24      **B.  General and Specific Jurisdiction**

25      "The Due Process Clause permits the exercise of personal jurisdiction if the

26  defendant has sufficient minimum contacts with the forum state such that the

27  maintenance of the suit does not offend traditional notions of fair play and substantial

28  justice." *Impossible Foods*, 80 F.4th at 1086.  Courts may have general or specific

1    jurisdiction over an entity depending on the nature and extent of that entity's contact

2    with the forum state.  A court may exercise general jurisdiction over a corporation in a

3    state where the corporation is "at home," which is the case when its "affiliations . . . are

4    so 'continuous and systematic' as to render [it] essentially at home in the forum State."

5    *Daimler*, 571 U.S. at 119 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

6    564 U.S. 915, 919 (2011)).  This is generally where the corporation is incorporated and

7    where it maintains its principal place of business.  *Id.*  Here, Plaintiff does not argue

8    that the Court has general jurisdiction over Defendant and Plaintiff has not alleged

9    facts establishing general jurisdiction would be appropriate over either defendant.

10    (*See* Opp. at 8–10 (arguing why the Court has specific jurisdiction).)

11          Where general jurisdiction is lacking, courts may have specific jurisdiction over

12    corporations if there is sufficient contact with the forum state and the claims arise out

13    of that contact.  *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017)

14    ("[T]here must be 'an affiliation between the forum and the underlying controversy,

15    principally, [an] activity or an occurrence that takes place in the forum State and is

16    therefore subject to the State's regulation.'" (quoting *Goodyear*, 564 U.S. at 919)).  In

17    the Ninth Circuit, specific jurisdiction is determined by a three-prong test: "(1) the

18    defendant must either 'purposefully direct his activities' toward the forum or

19    'purposefully avail[ ] himself of the privileges of conducting activities in the forum'; (2)

20    'the claim must be one which arises out of or relates to the defendant's forum-related

21    activities'; and (3) 'the exercise of jurisdiction must comport with fair play and

22    substantial justice, i.e. it must be reasonable.'"  *Axiom Foods, Inc. v. Acerchem Int'l,*

23    *Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*,

24    303 F.3d 1104, 1111 (9th Cir. 2002)).  "The plaintiff bears the burden of satisfying the

25    first two prongs of the test" while the burden of the third prong shifts to the

26    defendant.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.

27    2004).

28    *////*

### 1. Purposeful Availment

While the first prong of the specific jurisdiction test is often called the "purposeful availment" prong, courts situationally apply either a purposeful availment or purposeful direction analysis. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006). The question of whether to apply a purposeful direction or purposeful availment analysis "turns on the nature of the underlying claims." *Impossible Foods*, 80 F.4th at 1088 (citing *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021)). While there is no "rigid dividing line between purposeful availment and purposeful direction[,]" purposeful direction is generally preferred when analyzing tort claims as these claims typically involve fact patterns where "a defendant's conduct primarily occurs outside the forum state." *Id.* at 1088–89.

"To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (citations and internal quotations removed). "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. Likewise, purposeful direction involves intentional contact with the forum state. It is "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there" that are relevant to the inquiry. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). The defendant's mere knowledge that the plaintiff resides in the forum state "will not, on its own, support the exercise of specific jurisdiction." *Axiom Foods*, 874 F.3d at 1070. However, "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff . . . ." *Walden*, 571 U.S. at 286. Only purposeful contacts, and not random, fortuitous, or attenuated contacts will give rise to personal jurisdiction. *Id.*

### 2.    Relation of Claim to Forum Activities

The claims brought by the plaintiff must arise out of or relate to the defendant's contacts with the forum in order for the court to exercise jurisdiction.  *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 361–62 (2021).  However, a strict causal relationship is not required to satisfy the relation prong.  *Id.*  Rather, there need only be a "connection" between the forum-related activity and the injury claimed.  *Id.*  The Ninth Circuit employs a "but for" test to determine whether a plaintiff's claims arise out of the defendant's forum-related activities.  *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).

### 3.    Reasonableness

The final prong of the personal jurisdiction analysis examines whether the court exercising jurisdiction would be reasonable.  *Menken*, 503 F.3d at 1058.  This determination requires consideration of seven factors: "(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum."  *Id.*

## II.    Discussion

### A.    Purposeful Availment vs. Purposeful Direction

The Court must first determine whether a purposeful availment or a purposeful direction analysis is more appropriate here.  Both parties seem to agree that a purposeful direction analysis is the correct framework.  (*See* Mot. at 8; Opp'n at 8.)  The Court concurs with this assessment.  The purposeful availment analysis is most appropriate for claims involving continuing obligations towards a forum resident, such as claims sounding in contract.  *Impossible Foods*, 80 F.4th at 1088–89.  Instead, ////

1    Plaintiff's claims concern conduct that occurred outside the state that is more akin to a

2    tort.  Thus, the purposeful direction analysis is appropriate in this circumstance.  *Id.*

3         **B.  Purposeful Direction**

4         The purposeful direction analysis involves applying the *Calder* "effects" test

5    which imposes three requirements, "the defendant allegedly must have (1) committed

6    an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the

7    defendant knows is likely to be suffered in the forum state."  *Yahoo!*, 433 F.3d at 1206

8    (quoting *Schwarzenegger*, 374 F.3d at 803).  Most relevant here are the final two

9    requirements as Plaintiff has clearly alleged that Defendant committed an intentional

10   act in preparing two background check reports.  (Compl. ¶ 4.)  The relevant questions

11   are thus whether Defendant's conduct in preparing the reports was expressly aimed at

12   California and whether it caused harm that Defendant knew was likely to be suffered

13   there.  Taking the allegations in Plaintiff's Complaint as true, Plaintiff has not alleged

14   sufficient facts to establish either that the conduct was expressly aimed at California or

15   that Defendant knew the harm would likely be suffered there.

16        **1.  Express Aiming**

17        Plaintiff has not alleged any facts which establish that Defendant's preparation

18   of the reports was expressly aimed at California.  As stated in the Complaint,

19   Defendant prepared two background check reports for RealPage.  (Compl. ¶ 4.)

20   Plaintiff has not alleged any facts that establish RealPage has any connection with

21   California or that directly links Defendant to Laguna Creek Apartments, a California

22   apartment complex.  It is not clear from the facts alleged that Defendant knew the

23   background checks were requested because Plaintiff was seeking housing in

24   California; Plaintiff only alleges that Defendant prepared reports at the request of

25   RealPage, which RealPage then used to generate reports for Laguna Creek.  (*Id.*)

26   These factual allegations are insufficient to establish Defendant's conduct was

27   expressly aimed at California.  While these background check reports may have

28   ultimately resulted in Plaintiff being denied housing in California, this alone does not

1 show that Defendant's conduct was expressly aimed at California.

2       Under the facts alleged, Defendant preparing background check reports was

3 no more aimed at California than it was aimed at any other state. The information

4 collected and provided by Defendant might be sought by any property owner before

5 agreeing to lease their property. As such, Defendant's generation of the background

6 check report on Plaintiff, by itself, is agnostic to location and, without more connecting

7 Defendant's conduct to California, cannot satisfy the express aiming requirement.

8 *Axiom Foods*, 874 F.3d at 1070.

9       Plaintiff contends that there is express aiming because Defendant knew Plaintiff

10 was a resident of California. (Opp'n at 10.) This information was not included in the

11 Complaint but even if it were, it would not support express aiming. *See Walden*, 571

12 U.S. at 285–86 (stating that a defendant's relationship to a plaintiff who is present in

13 the forum is insufficient on its own to establish purposeful direction); *see also Axiom*

14 *Foods*, 874 F.3d at 1069–70. Plaintiff also argues that she had applied for housing at

15 Laguna Creek, located in California, and Defendant knew that the reports would be

16 sent to Laguna Creek and used to determine if Plaintiff's application would be

17 accepted. (Opp'n at 10.) This is also not alleged in the Complaint and Plaintiff has not

18 provided any support for conclusory claims that Defendant had this knowledge. Even

19 the two background check reports which Plaintiff attaches as exhibits to the

20 Opposition do not provide any suggestion that Defendant knew Plaintiff was applying

21 to reside at Laguna Creek or that the reports would be sent to Laguna Creek.[1] (*See*

22 *Id.*, Ex. 1 & 2.) Those exhibits only show that Defendant generated reports based on

23 the information it collected and do not connect Defendant's conduct to California.

---

24  

25 [1] The Court also notes that Plaintiff's Opposition cites Defendant's website for its statement that Defendant performs background checks in California. (Opp'n at 3–4.) Not only is this evidence outside of the Complaint, it is of little to no relevance. The provided quotes discuss "statewide" background

26 checks performed in California to check for convictions from counties in California. (*Id.*) In this instance, Plaintiff alleges that Defendant obtained records from Illinois, not from California counties. To

27 the extent Plaintiff provides this evidence to support a "purposeful availment" analysis, Plaintiff has not provided any argument to this and, as discussed above, a purposeful direction analysis is more

28 appropriate given Plaintiff's claims. *See supra* II.A.

1      The main case cited by Plaintiff, *Eckelman v. Rentgrow, Inc.*, No. 6:21-cv-01801-

2  MK, 2022 WL 17852799 (D. Or. Nov. 28, 2022), is unhelpful to Plaintiff's argument that

3  Defendant expressly aimed their conduct at this jurisdiction.  In *Eckelman* a wholesale

4  background data company, Cleara, provided an expunged conviction to Rentgrow, a

5  company who assembles and merges background information for apartment

6  complexes to screen prospective tenants.  *Id.* at *1.  Cleara thus acted in a similar role

7  to Defendant while Rentgrow is akin to RealPage in the present action.  In *Eckelman*

8  the expunged conviction in question was from Oregon and the plaintiff also resided in

9  Oregon but was seeking housing in Michigan.  *Id.* at *1–2.  The Oregon District Court

10  found that Cleara's action in obtaining the Oregon conviction and providing it to

11  Rentgrow was insufficient on its own to establish that Cleara had expressly aimed its

12  conduct at Oregon.

13      Not only does *Eckelman* provide a different set of factual circumstances than

14  the present case – the expunged record there was from the same state in which the

15  suit was brought while the apartment the plaintiff applied for was in a different

16  jurisdiction – the factual allegations in the present Complaint provide even <u>less</u>

17  connection to the jurisdiction as in *Eckelman* Cleara obtained an expunged conviction

18  came from the jurisdiction where the plaintiff eventually filed suit.  *Id.*  Here,

19  Defendant obtained records from outside of California and provided them to

20  RealPage, also outside of California.  There are no allegations in the Complaint that

21  show Defendant directed their conduct toward California.

22      **2.  Harm Defendant Knew Would Likely Be Suffered in the Forum State**

23      For similar reasons, the Complaint also lacks facts that show Defendant knew

24  the harm would be suffered in California.  As discussed above, Plaintiff has not alleged

25  any facts that establish Defendant had any knowledge of Plaintiff's place of current

26  residence or that Plaintiff was seeking to rent a California apartment.  Neither the

27  allegations in the Complaint nor the exhibits included with the Opposition provide

28  evidence that Defendant had any such knowledge.  Plaintiff has thus also failed to

1    show that Defendant knew the harm from their conduct would likely be suffered in

2    California.

3         **C. Jurisdictional Discovery**

4         Plaintiff argues that the Court should permit Plaintiff discovery in aid of

5    determining whether personal jurisdiction exists.  (Opp'n at 11.)  While generally

6    "discovery should ordinarily be granted where pertinent facts bearing on the question

7    of jurisdiction are controverted or where a more satisfactory showing of the facts is

8    necessary[,]" *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th

9    Cir. 1986), a request for jurisdictional discovery may be denied where a plaintiff "fail[s]

10   to identify any specific facts, transactions, or conduct that would give rise to personal

11   jurisdiction . . . ." *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011).  The

12   Complaint does not currently identify any facts, transactions, or conduct that could

13   possibly give rise to personal jurisdiction in California.

14        As alleged, Defendant provided a background report to RealPage that

15   contained information about purportedly expunged convictions.  Nothing within these

16   allegations would give rise to personal jurisdiction.  Plaintiff does not need to make a

17   *prima facie* showing of jurisdiction to obtain discovery, but Plaintiff must still identify

18   facts supporting jurisdiction that warrant discovery.  While Plaintiff does include

19   additional allegations in the Opposition, these are currently outside the complaint and

20   are conclusory.  However, as Plaintiff will be granted leave to amend, the Court denies

21   Plaintiff's request with jurisdictional discovery without prejudice to renewal should

22   personal jurisdiction be again challenged after Plaintiff files a First Amended

23   Complaint.

24                      **LEAVE TO AMEND**

25        Plaintiff will be granted leave to file an amended complaint.  "In general, leave

26   to amend is only denied if it is clear that amendment would be futile and that the

27   deficiencies of the complaint could not be cured by amendment." *Cabo Distrib. Co. v.*

28   *Brady*, 821 F. Supp. 601, 608 (N.D. Cal. 1992) (internal citations and quotations

omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation omitted)).  As it is not clear at this stage that amendment would be futile, Plaintiff will be granted leave to file an amended complaint.

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal Jurisdiction (ECF No. 5) is GRANTED; and

2. The Complaint is dismissed with leave to amend.  Within twenty one (21) days of this order, Plaintiff must file a First Amended Complaint.  Failure to comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **February 10, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – hunter23cv01098.12b2

11